# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| PATRICIA MEGYESE,<br><br>    Petitioner,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration,<br><br>    Respondent. | Case No. 1:13-cv-00356-REB<br><br>**MEMORANDUM DECISION AND ORDER** |

Now pending before the Court is Patricia Megyese's Petition for Review (Dkt. 2) and Motion for Summary Judgment (Dkt. 15), seeking review of the Social Security Administration's final decision to deny her claim for Title II Social Security Disability benefits and Supplemental Security Income payments. The action is brought pursuant to 42 U.S.C. § 405(g). Having carefully reviewed the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order:

## I. ADMINISTRATIVE PROCEEDINGS

On January 26, 2011, Patricia Megyese ("Petitioner") filed an application for Social Security Disability benefits and Supplemental Security Income benefits, alleging a disability onset date of February 1, 2009. Petitioner's claims were initially denied, and denied again on reconsideration on June 22, 2011. On July 22, 2011, Petitioner timely filed a Request for Hearing before an Administrative Law Judge ("ALJ"). On May 31, 2012, ALJ John T. Molleur held a hearing in Boise, Idaho, at which time Petitioner, represented by attorney Jessica Bublitz, appeared and testified. A vocational expert, Anne F. Aastum, also appeared and testified.

**MEMORANDUM DECISION AND ORDER - 1**

On July 5, 2012, the ALJ issued a decision denying Petitioner's claims, finding that Petitioner was not disabled within the meaning of the Social Security Act. Petitioner timely requested review from the Appeals Council. On July 26, 2013, the Appeals Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security. AR 1-3.

Having exhausted her administrative remedies, Petitioner timely filed the instant action, arguing that the ALJ erred (1) by finding that Petitioner can stand and/or walk for a total of six hours in an eight-hour workday; (2) by failing to accord "proper weight" to the opinion of a physician's assistant; and (3) by "improperly rejecting" Petitioner's complaints. *See* Pet.'s Brief, (Dkt. 16). Petitioner therefore requests that the Court enter a judgment "affirming, modifying, or reversing" the Commissioner's decision. *See id*. at p. 1.

## II. STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards. 42 U.S.C. § 405(g); *Matney ex. rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990). Findings as to any question of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g). In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence. *Hall v. Sec'y of Health, Educ. & Welfare*, 602 F.2d 1372, 1374 (9th Cir. 1979).

"Substantial evidence" is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human*

*Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance (*see Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony (*see Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984)), resolving ambiguities (*see Vincent ex. rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)), and drawing inferences logically flowing from the evidence (*see Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. *See id*. However, reviewing federal courts "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## III. DISCUSSION

### A. Sequential Processes

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (*see* 20 C.F.R. §§ 404.1520, 416.920) - or continues to be disabled (*see* 20 C.F.R. §§ 404.1594, 416.994) - within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). SGA is defined as work activity that is both substantial and gainful. "Substantial work activity" is work activity that involves doing significant physical or mental activities. 20 C.F.R. §§ 404.1572(a), 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized. 20 C.F.R. §§ 404.1572(b), 416.972(b). If the claimant has engaged in SGA, disability benefits are denied, regardless of how severe her physical/mental impairments are and regardless of her age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step. Here, the ALJ found that Petitioner has not engaged in substantial gainful activity since January 26, 2011, Petitioner's application date. AR 84.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c).

**MEMORANDUM DECISION AND ORDER - 4**

An impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c). Here, the ALJ determined that Plaintiff's diabetes with retinopathy and neuropathy, left shoulder strain, and history of substance abuse were severe impairments. AR 84.

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal one of the listed impairments, the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. *Id.* Here, the ALJ concluded that Petitioner's impairments, while severe, do not meet or medically equal, either singly or in combination, the criteria established for any of the qualifying listed impairments. AR 84.

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's residual functional capacity is his ability to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §§ 404.1545, 416.945. Likewise, an individual's past relevant work is work performed within the last 15 years or 15 years prior to the date that

disability must be established; also, the work must have lasted long enough for the claimant to learn to do the job and be engaged in substantial gainful activity. 20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965. Here, the ALJ determined that Petitioner has the residual functional capacity to perform a limited range of unskilled light work. She can stand/walk for six hours and sit for six hours in an eight-hour workday, but cannot climb ladders, ropes, or scaffolds, or be at unprotected heights. She can only occasionally reach overhead with her left upper extremity, but can frequently bend, stoop, kneel, crawl, and crouch. AR 85. Additionally, she is unable to perform any past relevant work. AR 87.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993). If the claimant is able to do other work, she is not disabled; if the claimant is not able to do other work and meets the duration requirement, she is disabled. Here, the ALJ found that Petitioner is capable of performing work found in significant numbers within the relevant economy, such as housekeeping and working as a router. AR 88. Therefore, based on Petitioner's age, education, work experience, and residual functional capacity, the ALJ concluded that Petitioner was not under a disability as defined in the Social Security Act from January 26, 2011 through the date of his decision. AR 89.

B.  Analysis

The Court will consider Petitioner's arguments in an order that differs from how Petitioner presented them because, as a threshold matter, the ALJ's credibility finding impacts the other issues raised, as they pertain to this decision on appeal.

1.  Petitioner's Credibility

Petitioner takes issue with the ALJ's credibility finding. *See* Pet.'s Brief (Dkt. 16). The ALJ found, "[a]fter careful consideration of the evidence," that Petitioner's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that her "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment". AR 85.

As the trier of fact, the ALJ is in the best position to make credibility determinations and, for this reason, his determinations are entitled to great weight. *See Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990). In evaluating credibility, the ALJ may consider the claimant's reputation, inconsistencies either in testimony or between testimony and conduct, daily activities, past work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *See Light v. Social Security Admin.*, 119 F.3d 789, 791 (9th Cir. 1997). Ultimately, "credibility decisions are the province of the ALJ." *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). Nonetheless, the ALJ must make reasoned and defensible decisions about discrediting a claimant's testimony. Among other things, the ALJ must make specific findings stating clear and convincing reasons for doing so. *See Holohan*

*v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)).

Here, the ALJ concluded first from the record before him that the Petitioner had "not been particularly compliant with her diabetes care." AR 86. "[U]nexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" may be considered in weighing a claimant's credibility. *Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007). The Petitioner was incarcerated for part of the time she claims disability and therefore did not have complete control over her own medical care. However, when not incarcerated and being treated for her diabetes, her provider made particular note that Petitioner's condition had "[d]eteriorated" but she was "not fully complying with diet or directions" (AR 319 (11/29/11 visit)); "admits she has been eating more carbs than she should" (AR 315); and that most of her "high blood sugars occur when she eats inappropriate foods" (AR 332 (9/2/11 visit)).[1] Petitioner's medical provider also advised her to quit smoking and prescribed medication which Petitioner did not pick up, stating: "I don't know why, I just haven't done it!" AR 325. Thus, there is evidence in the medical record supporting the ALJ's view that Petitioner had not been particularly compliant with her medical care.

Additionally, the ALJ properly considered the absence of objective medical evidence to support some of Petitioner's claimed limitations, notwithstanding Petitioner's testimony to the contrary, when assessing her credibility. *Compare* AR 28 (Petitioner's testimony that she had reported back pain and trouble walking at visits other than the last visit) with the medical records

---

[1] Petitioner indicated that she was agreeable to trying her medication at mealtime for better control of her diabetes and was advised how to do it. AR 319.

**MEMORANDUM DECISION AND ORDER - 8**

(AR 274-319). *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (lack of medical evidence cannot be sole basis for discounting pain testimony, but can be considered in credibility analysis); 20 C.F.R. § 416.929(a) (in determining disability, "we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence, and other evidence."); *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) ("contradictions between claimant's testimony and the relevant medical evidence" provided clear and convincing reason to reject Petitioner's subjective symptom testimony).

Petitioner contends that she often complained of shoulder pain; however, the first notes in her medical record regarding back pain appeared the *same* day she asked her physician's assistant ("PA") to complete a disability assessment for purposes of filing a claim for disability. AR 309-10. Even though the Petitioner relies heavily upon the physician's assistant who most often treated her to support her argument on appeal, the disability assessment form contains instances which suggest strongly that the provider was skeptical of portions of Petitioner's self history, including this statement: "[Petitioner] *feels* she cannot walk more than a block without significant back pain, *which has never been discussed*." AR 309 (emphases added). The ALJ had entirely supportable reasons to conclude that this comment and the first mention of significant back pain not having occurred until the PA was asked to complete the disability assessment made Petitioner "less than fully credible" as to such allegations of back pain and limitations upon walking. AR 87. Similarly, even though the ALJ did not provide multiple reasons for making his credibility determination in the direction that he did, the reasons that he did describe are sufficient as a matter of law for his finding that Petitioner's testimony was not entirely credible.

**MEMORANDUM DECISION AND ORDER - 9**

Of course, the Petitioner has sought to highlight evidence auguring in favor of a more favorable view of her credibility than that reached by the ALJ. The ALJ was not swayed by such evidence, and although the Petitioner would ask the Court here to be so swayed, the ALJ's decision to doubt Petitioner's credibility in denying disability benefits has clear and convincing reasons in support. As required by controlling law, the ALJ will not be second-guessed here as to his credibility determination.[2] *See Batson v. Comm'r of Social Security Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision.") (internal citations omitted). Therefore, the Court will not substitute its judgment when the evidence in the record can support the ALJ's findings.

---

[2] The ALJ also commented that Petitioner contended a "cost issue" prevented her from being particularly complaint with her diabetes care, AR 86, but the Court finds this comment does not support the ALJ's credibility finding. Petitioner should not be penalized for any issues the cost of medicine might have caused for her ability to comply. However, the ALJ appropriately relied on medical records revealing that Petitioner's compliance issue related also to diet and indicating that Petitioner might have improved her prognosis by following the PA's diet recommendations. Moreover, at the hearing, it appears Petitioner was concerned with her future ability to afford her medications and did not contend she had not been compliant with the PA's recommendations due to a cost issue. She testified that she was worried about how to pay for her medications because she had been on a "homeless grant" but "that's done with." She asked the ALJ if there was a way for her to get assistance with her medications while she waited for the ALJ's decision and the ALJ responded that he thought there were programs out there for diabetics. AR 53. Petitioner again expressed concern, noting that she takes several medications each day, and not just for diabetes, and she wanted to find a way to help pay for that because her grant expired. AR 54. This exchange describes a concern with affording medications going forward, not an assertion that Petitioner had not in the past been compliant with her P.A.'s instructions because of the cost of her diabetes medication.

**MEMORANDUM DECISION AND ORDER - 10**

2.      The ALJ's Treatment of the PA's Opinion

Petitioner also argues that the ALJ failed to accord proper weight to opinion evidence offered by Physician's Assistant Julia Barcelo ("PA"). Pet's Br., pp. 2-3 (Dkt. 16). Petitioner first claims that the PA's opinion should be given controlling weight because "there was no contradictory evidence in the file." *Id.* at p. 3. However, the assessments of two reviewing physicians were consistent with the ALJ's residual functional capacity assessment, particularly with regard to Petitioner's ability to stand or walk for six hours in an eight hour workday. (AR 62, 73).

The ALJ appropriately treated the PA as an "other source" and did not error in giving "little weight" to her medical opinion. AR 87. The Court acknowledges that a legal rule which does not give the same deference to a physician assistant as to a treating physician arguably is another of the medical care conundrums that sometimes hamper disability applicants. Disability applicants are often among those least able to pay for medical care and so therefore may also be among those who sometimes cannot afford to seek medical care even when in need, or may be among those most often seen in the low-income clinics and by medical professionals other than a medical doctor, such as a PA. Nonetheless, for reasons not necessarily undermined by the circumstances described above, physician's assistants are defined as "other sources," and are not entitled to the same deference as physicians. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citations and internal quotation marks omitted).[3]

---

[3] The Court also recognizes that there are good reasons for recognizing the opinion of a physician's assistant who provides regular treatment to a patient. However, the regulations at this time do not require an ALJ to treat a physician assistant's medical opinion the same as that of a treating physician.

**MEMORANDUM DECISION AND ORDER - 11**

Importantly, the ALJ "may discount testimony from these other sources if the ALJ gives reasons germane to each witness for doing so." *Id.* (quoting *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (internal quotation marks omitted)). The ALJ concluded that some of the limitations the PA assessed were based on Petitioner's self reports which were less than credible. AR 87. The ALJ further reasoned that the PA's opinion was undermined by the lack of evidence that Petitioner had ever presented with or been treated for difficulties associated with an alleged inability to walk significant distances, and that neither the PA and Petitioner described any explanation as to why Petitioner could not tolerate stress in the workplace. *Id.* These reasons are germane and support the ALJ's consideration of the PA's opinion in this case.

Moreover, even if the disability opinion had been that of a physician rather than the physician assistant, a material conflict between treatment notes and a treating provider's opinion may constitute an adequate reason to discredit the opinions of a treating physician or another treating provider. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009) (explaining that a conflict with treatment notes is a specific and legitimate reason to reject treating physician's opinion). Petitioner's report of significant back pain, that she claimed limited her ability to walk, was based on her self report, yet there is no indication in the medical records that Petitioner had a back condition that would cause such pain. Petitioner was diagnosed with neuropathy and had some diminished sensation in her feet, but it was back pain – not foot pain or foot problems – which she gave as the reason she could not walk more than one block. AR 309. From the view of the ALJ, the medical records contained "no mention of an inability to walk distances" from these conditions, "except for [Petitioner's] own report. AR 87.

**MEMORANDUM DECISION AND ORDER - 12**

3. <u>Petitioner's Alleged Impairments and Her Residual Function Capacity</u>

The ALJ's Residual Function Capacity ("RFC") found that Petitioner can stand and/or walk for a total of six hours in an eight-hour work day. The Petitioner contends that finding is not supported by substantial evidence. Pet's Br., pp. 1-2 (Dkt. 16). An RFC determination identifies the "most" that a claimant can do, given her impairments and limitations. Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *1. In assessing a claimant's residual functional capacity, the ALJ must consider the whole record and weigh the medical and testimonial evidence. *Id. See also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

Part and parcel with her diabetes, Petitioner has diabetic complications now and may have worsening complications in the future that could affect her ability to work. The ALJ acknowledged as much, explaining that Petitioner "does experience some level of pain and limitations," but he concluded that such limitations as of the time he made his decision are not completely disabling (AR 87). The ALJ set out the limitations claimed by the Petitioner, such as an inability to walk significant distances, but found that "the lack of documentation of treatment for this problem until . . . [the PA was asked] to complete the [disability] questionnaire renders [her] allegations less than fully credible." AR 87. As previously set out, the ALJ properly supported his credibility determination and rejected portions of the PA's opinion. And his decision in that regard is buttressed for purposes of this review by the fact that the state agency medical consultants came up with the same RFC assessment with regard to Petitioner's ability to stand and/or walk for a total of six hours in an eight-hour workday. AR 62-64; 73-75.

For all these reasons, the Court is not persuaded that by Petitioner's argument that the ALJ failed to properly assess the full impact of her diabetes and other conditions. There is

**MEMORANDUM DECISION AND ORDER - 13**

substantial (even if not unequivocal) evidence that supports the ALJ's decision rejecting Petitioner's claim that she could not walk more than a block or more than 6 hours in an eight-hour workday. There is substantial (even if not unequivocal) evidence that supports the manner in which the ALJ weighed the evidence, the manner in which the ALJ drew conclusions from such evidence, and his final decisions upon the legal issues that turned upon such evidence was consistent with the applicable standards of law. In such a setting, there is no place for this Court to substitute its judgment for that of the ALJ's, even if this Court were persuaded that Petitioner's assessment of the record and the ALJ's handling of the same was the better of two different viewpoints, both supported by the same record. *See Richardson*, 402 U.S. at 401; *see also Matney*, 981 F.2d at 1019.

## IV.  CONCLUSION

The ALJ is the fact-finder and is solely responsible for weighing and drawing inferences from facts and determining credibility. *See Allen*, 749 F.2d at 579; *Vincent ex. rel. Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642. If the evidence is susceptible to more than one rational interpretation, one of which is that put forward by the ALJ, a reviewing court may not substitute its interpretation for that of the ALJ. *See Key*, 754 F.2d at 1549. Here, the ALJ's decision as to Petitioner's alleged disability is based on proper legal standards and supported by substantial evidence. Therefore, the Court concludes that the decision that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.

Accordingly, the Commissioner's decision is affirmed.

## V. ORDER

Based on the foregoing, Petitioner's Petition for Review (Dkt. 2) and Motion for Summary Judgment (Dkt. 15) are DENIED. The decision of the Commissioner is AFFIRMED, and this action is DISMISSED in its entirety, with prejudice.

DATED: **January 28, 2015.**

Honorable Ronald E. Bush
U. S. Magistrate Judge